KAREN NELSON MOORE, Circuit Judge,
concurring in the judgment.
I concur in the judgment and join in the reasoning of the opinion only insofar as we hold that Ruth’s own actions — as provided in the well-pleaded facts in her complaint, the Unifund complaint, Ruth’s answer to the Unifund complaint, and the publicly available documents — demonstrate that she was on inquiry notice of Unifund’s potential lack of capacity to sue as of the time that she filed her answer and affirmative defense in November 2007. This is sufficient to contradict conclusively Ruth’s argument that Unifund’s alleged concealment prevented her from discovering Uni-fund’s misconduct, the required second element of fraudulent concealment. Egerer v. Woodland Realty, Inc., 556 F.3d 415, 422 (6th Cir.2009); Pinney Dock & Transp. Co. v. Penn Cent. Corp., 838 F.2d 1445, 1465 (6th Cir.1988). This removes her ability to rely on the fraudulent-concealment doctrine for equitable tolling of the statute of limitations at issue because she cannot satisfy her burden regarding all three elements of fraudulent concealment. We need not continue on to the third fraudulent-concealment element and speculate on the extent of Ruth’s investigation and the diligence that she did or did not *915 exhibit by consulting public records in the state. I believe that this aspect of the opinion is dicta.
Based on the allegations in Ruth’s complaint, Ruth’s failure to consult public records for a partnership name registration in either the Ohio Secretary of State’s files or the Hamilton County Recorder’s Office at the time she filed her affirmative defense in November 2007 does not alter the fact that the documents that would have supported her FDCPA claim were available at that time such that Unifund’s alleged concealment could not have prevented her from discovering the misconduct. Ruth’s complaint alleges that Unifund violated the FDCPA because “they commenced and maintained debt collection lawsuits against Plaintiff ..., even though they did not have the legal capacity to do so.” Doc. 1-1 (Compl. ¶ 82(a)); see also id. at ¶¶ 47, 51-52. Nowhere in the complaint does Ruth distinguish between the factual predicates that supported her November 2007 affirmative defense and those that allegedly support her FDCPA claim. Because we are constrained to review only the allegations as presented in the complaint and any other appropriate documents when we review a motion to dismiss, Amini v. Oberlin College, 259 F.3d 493, 502 (6th Cir. 2001), I believe that we may dispose of Ruth’s fraudulent-concealment arguments on the basis of her failure sufficiently to plead facts in support of the second fraudulent-concealment element, even when the complaint is viewed in the light most favorable to Ruth.
I therefore respectfully join only that part of the majority opinion that is necessary to decide the issue on appeal, i.e. insofar as the opinion affirms the district court’s dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim on the grounds that Ruth’s FDCPA claims are barred by the statute of limitations and she has not sufficiently pleaded facts to support her equitable tolling argument. I join the judgment affirming the district court’s judgment dismissing Ruth’s FDCPA claims under Rule 12(b)(6) on statute of limitations grounds.